UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAMELA CORCORAN,

                    Plaintiff,

          v.                                    **DECISION AND ORDER**
                                                20-CV-603S
BOSTON SCIENTIFIC,

                    Defendant.


## I.     Introduction

This is an employment action where Plaintiff Pamela Corcoran alleged her former employer, Defendant Boston Scientific, violated Title VII,[1] the Americans with Disabilities Act ("ADA"),[2] and the Equal Pay Act.[3]  Plaintiff claimed that Defendant reassigned her from a more lucrative sales territory because of her complaints of sex discrimination.

Defendant moved to dismiss or alternatively for summary judgment (Docket No. 5). On February 16, 2022, this Court converted the Motion to Dismiss into a Motion for Partial Summary Judgment and granted so much of the Motion dismissing some of the causes of action.  This Court then held that there was a material issue of fact as to when in 2019 Plaintiff suffered from sex discrimination and retaliation for timely claims under Title VII and the ADA, denying summary judgment as to those claims.  Corcoran v. Boston Scientific, No. 20CV603, 2022 WL 475840, at *9-10 (W.D.N.Y. Feb. 16, 2022) (Docket No. 17, Decision and Order).  This Decision ordered Defendant to answer or move against

---

[1] 42 U.S.C. §§ 2000e-2000e-17.

[2] 42 U.S.C. § 121132.

[3] 29 U.S.C. § 206(d).

the remaining claims fourteen days from entry of February 16, 2022, Decision, id. at *21. Familiarity with that Decision and Order is presumed.

This Court, however, did not address in that Decision whether Plaintiff established the existence of an adverse employment action from the reduced revenue with the reassigned sales territory to assert a prima facie case for sex discrimination or retaliation under Title VII or the ADA.

Presently before this Court is Defendant's Motion to Reconsider the partial denial of its converted Motion for Summary Judgment (Docket No. 18).   Defendant now concludes that, under Federal Rules of Civil Procedure 59(e) and 60(b), the Decision and Order of February 16, 2022, should be modified to dismiss these remaining claims.

Defendant also moved, pursuant to Federal Rule of Civil Procedure 6, to extend its time to answer the Complaint after decision of the original Motion (Docket No. 18), see also Corcoran, supra, 2022 WL 475840, at *21.  This Motion was granted, extending the time to respond to the remaining claims of the Complaint after this Court rules upon Defendant's Motion for Reconsideration (Docket No. 19).

For the reasons stated below, Defendant's Motion for Reconsideration (Docket No. 18) is denied.

## II.      Background

### A.  Facts

As discussed in the February 16, 2022, Decision, Corcoran, supra, 2022 WL 475840, at *1-3, Defendant employed Plaintiff in a sales position as a business partner with an assigned sales territory.  Defendant tied her salary to the revenue generated from

that assigned territory.  This assigned region generated $22 million in annual revenue for Defendant, earning Plaintiff a salary of $375,000 per year.

After complaining about gender discrimination, Plaintiff claims that Defendant reassigned her to a different sales territory.  At one point, she contends this new territory generated only $11 million in annual revenue, reducing her salary to $250,000 per year (Docket No. 1, Compl., First Cause of Action, Element 2, Adverse Action ¶ 5).  Plaintiff also alleged that, after returning from medical leave, her sales revenue from the new territory was reduced to $6 million (Docket No. 1, Compl., Second Cause of Action (Violation of ADA claim), Element 2, Adverse Action ¶ 32, Third Cause of Action (Retaliation in Violation of Title VII and ADA), Element 2, Adverse Action ¶ 51), implying either a second assignment of territory or a further reduction in revenue following a single reassignment.

Plaintiff filed her Verified Complaint alleging four causes of action (Title VII sex discrimination; ADA disability discrimination; retaliation under Title VII and the ADA; and pay discrimination under the Equal Pay Act) (Docket No. 1).  The First Cause of Action did not allege that Plaintiff's reassignment to a territory that generated only $6 million, there, she alleged her new sales revenue was $11 million (id. First Cause of Action, Adverse Action ¶ 29; see id. Third Cause of Action, Element 2, Adverse Action ¶ 48). Plaintiff alleged only $6 million in sales revenue in the Third Cause of Action (id. Third Cause of Action, Element 2, Adverse Action ¶ 51).

Defendant alternatively moved to dismiss or for summary judgment (Docket No. 5). There, Defendant argued that Plaintiff's claims were time barred (id., Def. Memo. at 20-23, 23, 24; see also Docket No. 13, Def. Reply Memo. at 3-4 (comparing Plaintiff's

adverse action for discrimination claims with Equal Pay Act claim)).  Defendant did not argue that Plaintiff failed to establish an adverse employment action.

This Court considered additional evidence proffered by Defendant in support of its Motion to Dismiss and converted it a Motion for Partial Summary Judgment.  This Court noted that Plaintiff alleged her reassignment to a territory that produced only $6 million in sales.  This Court granted summary judgment on limitations grounds for dismissal of her untimely claims.  Corcoran, supra, 2022 WL 475840, at *2, 9, 1, 5, 6.  That Decision and Order denied the Motion to Dismiss the timely Title VII sex discrimination and retaliation claims alleged in the First and Third Causes of Action, see id. at *17.

B.  Defendant's Motion for Reconsideration (Docket No. 18)

Defendant now moves for reconsideration of the denial of partial summary judgment (Docket No. 18)[4].  Responses were due by March 8, 2022, and reply by March 15, 2022 (Docket No. 19).  Plaintiff submitted her timely responding papers (Docket No. 20) and Defendant replied (Docket No. 21).  The Motion was deemed submitted without oral argument.

III.   **Discussion**

A.  Applicable Standards

1.  Motion for Reconsideration

A district judge may modify pre-trial rulings and interlocutory orders at any time prior to final judgment.  See In re United States (In re "Agent Orange" Prod. Liab. Litig.), 733 F.2d 10, 13 (2d Cir. 1984).  Reconsideration of a prior decision is generally justified

---

[4]In support of its Motion, Defendant submits its Memorandum of Law and proposed Order, Docket No. 18.  In opposition, Plaintiff submitted her Memorandum of Law, Docket No. 20.  Defendant submitted its Reply Memorandum, Docket No. 21.

in the following circumstances:  (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992); see also Amerisure Ins. Co. v. Laserage Tech. Corp., No. 96-CV-6313, 1998 WL 310750, *1 (W.D.N.Y. Feb. 12, 1998) (Siragusa, J.) (citing United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989)).  Defendant appears to seek reconsideration to prevent manifest injustice (see Docket No. 18, Def. Memo. at 4-5); it does not claim that either a change in the law or newly discovered evidence requires reconsideration.

"A motion for reconsideration is appropriate where the court has overlooked controlling decisions or factual matters that were put before it on the underlying motion," Townsend v. Benjamin Enters., Inc., No. 05CV9378 (GAY), 2009 WL 3722716, at *1 (S.D.N.Y. Nov. 6, 2009) (Yanthis, Mag. J.) (emphasis in original).  "In other words, a party seeking reconsideration may not 'advance new facts, issues or arguments not previously presented to the Court,'" id. (quoting Gjoni v. Home Depot, Inc., No. 99 Civ. 1849, 2002 WL 91623, at *1 (S.D.N.Y. Jan. 23, 2002)); Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991) (applying S.& E.D.N.Y. Local Civ. R. 3(j) (1991)).

Defendant invokes Federal Rules of Civil Procedure 59(e) (a motion to alter or amend a judgment) and 60 in support of the present Motion for Reconsideration (Docket No. 18, Def. Notice of Motion; id. Pl. Memo. at 4).  Federal Rule of Civil Procedure 59 provides grounds for a new trial (not pertinent here) and for altering or amending a judgment.  But there has been no judgment yet entered in this case.  Reconsideration under Rule 59 is denied.

So, the proper ground for reconsideration is under Federal Rule 60.  This rule permits this Court to correct clerical mistakes, oversights, and omissions, Fed. R. Civ. P. 60 (a), (b).  Under this rule, relief from a final judgment, order, or proceeding may be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); see, e.g., Summers v. United States, Nos. 10CR138, 13CV281, 2021 WL 235885, at *1 (W.D.N.Y. Jan. 25, 2021) (Skrenty, J.).

A motion seeking relief under Rule 60(b) is granted only in "extraordinary circumstances" when it is necessary to "override the finality of judgments in the interest of justice."  Andrulonis v. United States, 26 F.3d 1224, 1235 (2d Cir. 1994); see also Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (noting that "[s]ince 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances"); Summers, supra, 2021 WL 235885, at *1.  A Motion for Reconsideration is granted when the Court "failed to consider evidence or binding authority," Van Buskirk v. United Grp. of Cos., Inc., 935 F.3d 49, 54 (2d Cir. 2019), with the movant showing "controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," id. (Docket No. 18, Def. Memo. at 4).

6

When evaluating a Rule 60(b) motion, courts strive to "strike[ ] a balance between serving the ends of justice and preserving the finality of judgments." <u>Nemaizer</u>, <u>supra</u>, 793 F.2d at 61. The decision to grant relief under Rule 60(b) is left to the "sound discretion" of the district court.   <u>In re Lawrence</u>, 293 F.3d 615, 623 (2d Cir. 2002) (citing <u>Parker v. Broad. Music, Inc.</u>, 289 F.2d 313, 314 (2d Cir. 1961)); <u>see</u> <u>McCarthy v. Manson</u>, 714 F.2d 234, 237 (2d Cir. 1983); <u>see also</u> <u>Summers</u>, <u>supra</u>, 2021 WL 235885, at *1.

As frequently observed by this Court, <u>e.g.</u>, <u>Garraway v. Smith</u>, No. 12CV924, 2020 WL 6390076, at *1 (W.D.N.Y. Nov. 2, 2020) (Skretny, J.):

> "Parties bringing motions to reconsider 'should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.' <u>Duane v. Spaulding and Rogers Mfg. Inc.</u>, No. 92-CV-305, 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994) (quoting <u>McDowell Oil Serv. v. Interstate Fire and Cas.</u>, 817 F. Supp. 538, 541 (M.D. Pa. 1993)).  Motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised before the decision.  <u>See</u> <u>Duane</u>, 1994 WL 494651 at *1.  After all, a 'motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge.' <u>Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist.</u>, No. 94-CV-219, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994)."

2.  Motion for Summary Judgment Standards

Defendant's pending Motion requires consideration of the arguments of its earlier converted Motion for Partial Summary Judgment, the issues and materials considered in that converted Motion, and the standards for a Summary Judgment Motion.

When a movant submits extra-pleading evidence with its Motion to Dismiss, conversion of that Motion into a Motion for Summary Judgment requires notice to the opposing party and parties are given a reasonable opportunity to present all materials pertinent to the converted Rule 56 Motion, Fed. R. Civ. P. 12(d); <u>Corcoran</u>, <u>supra</u>,

2022 WL 475840, at *5.   This Court has complete discretion to determine whether to accept the extra-pleading evidence and to convert the Motion, Corcoran, supra, 2022 WL 475840, at *5, citing 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1336, at 159 (Civil 3d 2004).

Federal Rule 56 in turn requires "a party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts" of the record or that the adverse party cannot produce admissible evidence to support the fact, Fed. R. Civ. P. 56(c)(1)(A), (B).

The Movant's Statement under this Court's Local Civil Rule 56(a)(1) presents "the material facts as to which the moving party contends there is no genuine issue to be tried," W.D.N.Y. Loc. Civ. R. 56(a)(1).   This Court's Local Civil Rules in turn requires the opponent served with the movant's Statement of Material Fact submit a response to each numbered paragraph in the movant's Statement of Material Fact, W.D.N.Y. Loc. Civ. R. 56(a)(2); cf. id. R. 56(a)(1).   Each numbered paragraph in the movant's Statement of Material Fact is deemed admitted unless specifically controverted by a correspondingly numbered paragraph in the opponent's statement, id. R. 56(a)(2); Corcoran, supra, 2022 WL 475840, at *7; see also Fed. R. Civ. P. 56(e)(2) (if party fails to properly address another party's assertion of fact, the Court may consider facts undisputed for purposes of the motion).

As previously noted, Corcoran, supra, 2022 WL 475840, at *7, there is a difference in consideration of factual allegations in a Motion to Dismiss and a Motion for Summary Judgment and considering Title VII clams.   The Motion to Dismiss tests the sufficiency of the statement of the claims for relief, see 5B Charles A. Wright & Arthur R. Miller, Federal

Practice and Procedure § 1356, at 354 (Civil 3d 2004); see also 10A Charles A. Wright,

Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2713, at 257 (Civil

ed. 2016).   This Motion does not challenge the existence of a meritorious claim,

10A Federal Practice and Procedure, supra, § 2713, at 257.  As a Motion to Dismiss, the

question is whether Plaintiff here plausibly alleged (for example) lower revenue due to

sex or disability discrimination as an adverse employment action.  The precise amount of

the change in revenue was not pertinent to the Motion to Dismiss.  As a Motion to Dismiss,

Plaintiff also does not have the burden of proving her prima facie case under Title VII,

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002);

see Corcoran, supra, 2022 WL 475840, at *12.

Summary judgment under Rule 56, however, "is a method for promptly disposing

of actions in which there is no genuine dispute as to any material fact or in which only a

question of law is involved," 10A Federal Practice and Procedure, supra, § 2712, at 235.

As a partial Motion for Summary Judgment filed here, the amount of changed revenue

may be material fact in determining whether Defendant is entitled to judgment.  As a

Summary Judgment Motion, Plaintiff also would have that initial burden of persuasion

under McDonnell Douglas in showing a prima facie case, Texas Dep't of Cmty. Affairs v.

Burdine, 450 U.S. 248, 252-53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) (citing McDonnell

Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).

### 3.   Substantive Allegations

After the February 16th Decision, Plaintiff has timely claims under Title VII for sex

discrimination alleged in the First Cause of Action and retaliation claims in the Third

Cause of Action.  Both claims have as an element for a prima facie case that Plaintiff

suffered an adverse employment action, and that adverse action must be a material change in the terms and conditions of work, e.g., Mathirampuzha v. Potter, 548 F.3d 70, 78 (2d Cir. 2008) (Title VII discrimination); Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (retaliation).

a.  Title VII

Under Title VII, an unlawful employment practice includes discrimination against an individual "with respect to [her] compensation, terms, conditions, or privileges of employment," 42 U.S.C. § 2000e-2(a)(1).

> "To establish a prima facie case of disparate treatment, a plaintiff must show, inter alia, that she was subjected to adverse employment action, under circumstances giving rise to an inference of prohibited discrimination. See, e.g., Luciano v. Olsten Corp., 110 F.3d 210, 215 (2d Cir. 1997); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)."

Fitzgerald v. Henderson, 251 F.3d 345, 356 (2d Cir. 2001); see also Galdieri-Ambrosini v. National Realty & Dev. Corp., 136 F.3d 276, 292 (2d Cir. 1998) (see Docket No. 18, Def. Memo. at 5).

Under Title VII, an adverse action is a material change in the terms and conditions of employment, Mathirampuzha, supra, 548 F.3d at 78; Galabya v. New York City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000), such as reduction in pay, Kaluczky v. City of White Plains, 57 F.3d 202, 208 (2d Cir. 1995); Gallo v. Second Taxing Dist. of City of Norwalk Operating Under the Name of S. Norwalk Elec. and Water, 507 F. Supp.2d 164, 174 (D. Conn. 2007).  Reducing a salary (or restricting sales revenue that calculates Plaintiff's salary) is deemed a demotion and an adverse action, Sanders v. New York City Human Res. Admin., 361 F.3d 749, 755 (2d Cir. 2004).

Case 1:20-cv-00603-WMS   Document 22   Filed 04/12/22   Page 11 of 20

b.  Retaliation under Title VII or the ADA

To establish a prima facie case for Title VII or ADA retaliation (as alleged here in the remaining Third Cause of Action), "a plaintiff must show '(1) that she participated in a protected activity, (2) that she suffered an adverse employment action, and (3) that there was a causal connection between her engaging in the protected activity and the adverse employment action,' Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 110 (2d Cir. 2010); Rasmy v. Marriott Int'l, Inc., 952 F.3d 379, 391 & n.55 (2d Cir. 2020)." Corcoran, supra, 2022 WL 475840, at *18.

An adverse employment action for a retaliation claim is more expansive than one for a substantive Title VII discrimination claim beyond merely alleging (for example) a reduction in pay.  "The scope of the antiretaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm," Burlington Northern, supra, 548 U.S. at 67.  Title VII retaliation "protects an individual not form all retaliation, but from retaliation that produces an injury or harm," id.  "[A] plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination," id. at 68; Kelley v. Sun Microsystems, Inc., 52 F. Supp.2d 388, 404 (D. Conn. 2007).

B.  Analysis

1.  Parties' Contentions

Defendant asserts that this Court erred in not considering uncontested evidence (Docket No. 18, Def. Memo. at 4).  Defendant claims that Plaintiff accepted the facts it presented in support of its Motion (Docket No. 18, Def. Memo. 3).  It argues that it is

undisputed that Plaintiff's new territory earned more than the $6 million Plaintiff alleged (Docket No. 18, Def. Memo. at 2-3, 4-5; Docket No. 5, Def. Statement ¶ 11).  Even though this Court held that there was question of material fact as to when in 2019 Defendant changed Plaintiff's territory, Defendant argues it is undisputed that Plaintiff's new territory in that year earned over $13 million and not merely $6 million (Docket No. 5, Prust Decl. ¶ 5; Docket No. 18, Def. Memo. at 5, 2), Corcoran, supra, 2022 WL 475840, at *10.

Defendant's Motion for Summary Judgment had focused on the limitations defense only, id. at *7-12.  In its Motion for Reconsideration, Defendant now argues that its Motion for Partial Summary Judgment included its contention that Plaintiff failed to state a claim that she suffered from discrimination or retaliation due to the change in revenue from her new territory (Docket No. 18, Def. Memo. at 5).

Focusing on this Court's statement that the parties did not dispute the facts asserted in this Motion, Defendant now concludes that Plaintiff did not allege an adverse employment action to state a discrimination or retaliation claim under Title VII or the ADA (id. at 5, 4-5).  Since this revenue is more than $6 million, Defendant now contends this Court erred in not deciding the Motion for Summary Judgment in its favor on the ground that Plaintiff failed to allege an adverse employment action.  It concludes the February 16th Decision and Order to the contrary should be reconsidered.  (Docket No. 18, Def. Memo.)

Plaintiff in response disputes the facts Defendant now argues were undisputed; Plaintiff points to her Complaint alleging facts to the contrary (Docket No. 20, Pl. Memo. at 2).  With summary judgment as a drastic remedy, Plaintiff claims that, as the nonmovant, her evidence should be construed in the light most favorable to her (id. at 4,

5 & nn.11, 12), <u>see</u> <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133, 151, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); <u>Schiano v. Quality Payroll Sys., Inc.</u>, 445 F.3d 597, 601 (2d Cir. 2006).   She emphasizes the burden on Defendant as movant to establish the absence of contested facts, or as she terms this the first test for summary judgment, concluding that Defendant fails this test (<u>id.</u> at 3, 5, 6, 7, 5-7).

Plaintiff also argues for the present Motion for Reconsideration that Defendant fails to show this Court committed clear error (<u>id.</u> at 4).

Defendant replies that Plaintiff now raises a conclusory argument that she disputed the fact (Docket No. 21, Def. Reply Memo. at 1-2).   Defendant relies on Local Civil Rule 56 that conceded facts in its Motion were deemed submitted and Plaintiff should not be allowed to raise this opposition now (<u>id.</u> at 2, 3).   Next, Defendant contends that Plaintiff opposing summary judgment needs to come forward with specific evidence (beyond the Verified Complaint) demonstrating the existence of a material issue of fact (<u>id.</u> at 3), <u>Robinson v. Concentra Health Servs., Inc.</u>, 781 F.3d 42, 44 (2d Cir. 2015); <u>D'Amico v. City of N.Y.</u>, 132 F.3d 145, 149 (2d Cir. 1998).

### 2.   Reconsideration of the Motion for Partial Summary Judgment

#### a.   Allegation of Changed Revenue

Plaintiff did allege in the First and Third Causes of Action that her compensation was reduced from $375,000 to $250,000 after Defendant changed her sales territory (Docket No. 1, Compl., First Cause of Action, Element 2, Adverse Action ¶ 30, Third Cause of Action, Element 2, Adverse Action ¶ 49).   Plaintiff did not allege a further reduction of her salary when her revenue allegedly was only $6 million in 2019.

Defendant asserted as a fact that Plaintiff's newly assigned territory in 2019 produced more than double the $6 million in revenue she alleged in her Complaint (Docket No. 5, Def. Statement ¶ 11; id. Prust Decl.). Plaintiff, however, initially did not respond to Defendant's converted Motion for Summary Judgment as such (save opposing conversion of the Motion to Dismiss because of Defendant's characterization of "indisputable facts," Docket No. 12, Pl. Memo. at 1; Corcoran, supra, 2022 WL 475840, at *5). She did not object to Defendant's factual contention about the amount of revenue from Plaintiff's newly assigned sales territory.

Plaintiff now argues Defendant's Statement of Fact is not a statement of undisputed facts (Docket No. 20, Pl. Memo. at 2). Defendant's Statement here (Docket No. 5) became undisputed under this Court's Local Civil Rule 56(a)(2) after Plaintiff failed to file an opposing statement. This Court took Plaintiff's silence as acquiescence to the facts alleged by Defendant in its Motion, see Corcoran, supra, 2022 WL 475840, at *7, including the revenue from the new territory.

Plaintiff still has not submitted evidence to raise as a material issue of fact the exact amount of revenue lost from the reassignment. Instead, she only invokes the allegations in her Verified Complaint (Docket No. 20, Pl. Memo. at 2). Defendant seeks reconsideration, but this Court has not changed the position stated in the February 16th Decision and Order about the new territory's revenue, id. This Court, however, did not note in that Decision the import of the amount of revenue change.

b.  Motion to Reconsider

For this Motion for Reconsideration, the issue is whether the Court committed a mistake in not deciding the conceded revenue issue on Defendant's summary judgment

14

Motion.  Although the new territory's sales revenue is uncontested, Defendant does not argue a defense or a basis for dismissal of Plaintiff's claims from that asserted fact. Defendant did not present anything for this Court to decide.

While it asserted that Plaintiff was incorrect in claiming her new territory generated only $6 million (e.g., Docket No. 18, Def. Memo. 2), Defendant did not state the import of that fact.  Defendant never argued in its initial Motion that the change in revenue was an adverse employment action under Title VII (for a discrimination or retaliation claim) or under the ADA for a retaliation claim.  There was no argument about the materiality of the sales revenue change from $22 million to between $11 million or to over $13 million (with resulting change in Plaintiff's salary from $375,000 to $250,000 per year).  Numerically, the difference between undisputed $13 million and the alleged $6 million is stark but Defendant affords no context as to that difference.  It is premature for this Court to determine as a matter of law whether the alleged loss of sales revenue and resulting salary reduction is a demotion and an adverse action.  Defendant does not argue that (for example) Plaintiff failed to establish that Defendant materially altered Plaintiff's working conditions by transferring her sales territory or that the reassignment would have made a reasonable coworker think before commencing a discrimination claim.

Defendant now begins to argue in this Motion for Reconsideration the absence of an adverse employment action due to the actual change in Plaintiff's sales revenue.  The Motion for Reconsideration is not the vehicle to put forward an argument not yet raised, see Townsend, supra, 2009 WL 3722716, at *1; Duane, supra, 1994 WL 494651, at *1; Garraway, supra, 2020 WL 6390076, at *1.  Since Defendant has not yet raised the argument of the absence of an adverse employment action, it is premature for this Court

to say whether the reassignment (regardless of a changed sales revenue) asserts a prima facie case of an adverse action or the change in revenue must exceed a certain amount to assert a prima facie case.

This Motion for Reconsideration (Docket No. 18) is denied because Defendant raises for the first time the argument that Plaintiff failed to allege an adverse employment action, see Townsend, supra, 2009 WL 3722716, at *1. There is no contrary decision of this Court that requires reconsideration. For a Motion for Reconsideration purposes, there is nothing to rectify because Defendant's argument now is being posed for the first time. This Court considered the uncontested fact of the change in revenue, Corcoran, supra, 2022 WL 475840, at *7, 9, but there was no argument making that fact relevant to adjudge Plaintiff's claims. Whether Plaintiff's sales were over $13 million or $6 million does not alter the conclusion reached in this case without an argument about the significance of that amount to Defendant's dispositive Motion, cf. Van Buskirk, supra, 935 F.3d at 54.

In Van Buskirk, plaintiffs Bruce and Lori Van Buskirk moved for reconsideration of the dismissal of their case (for absence of diversity jurisdiction where they alleged their residence but not domicile) and submitted for the first time in the reconsideration motion declarations announcing their domicile, id. The Second Circuit held that the district court did not abuse is discretion in denying the reconsideration motion and stated:

> "But since Plaintiffs had not provided the district court with that evidence until the motion for reconsideration—and did not explain why they failed to provide the declarations in response to the order to show cause—the district court overlooked nothing at the time of the dismissal. Therefore, the district court did not abuse its discretion when it denied the late request to add evidence—previously known to Plaintiffs at the time of the order to show cause—as part of a motion for reconsideration."

Id.

Here, there is nothing overlooked by this Court in denying in part Defendant's original dispositive Motion. Defendant's Motion asserted the value of the change from Plaintiff's reassignment but did not argue that she failed to allege an adverse employment action. Since this Court never decided whether an adverse employment action was alleged, there is no decision to reconsider.

Applying the standards under Rule 60 for reconsideration, under Rule 60(b)(1) there was no mistake or inadvertence shown in denial of full judgment for Defendant on the motion papers for the original Motion to Dismiss or for Summary Judgment. This Court did not err in how it considered the conceded fact of the amount of revenue in Plaintiff's reassigned territory. Defendant never argued the effect of the purported revenue in establishing an adverse employment action. Absent an argument claiming the lack of an adverse employment action, the amount of the change in sales revenue was not relevant. Defendant originally argued the timeliness of Plaintiff's claims, Corcoran, supra, 2022 WL 475840, at *7-12. There is no mistake or inadvertence for this Court in not ruling on the unraised issue of an adverse employment action. Otherwise, Defendant has not established surprise or excusable neglect to warrant reconsideration under Rule 60(b)(1).

Defendant only argued that this Court failed to consider evidence (see Docket No. 18, Def. Memo. at 4). It has not suggested newly discovered evidence should change the February 16th Decision. Thus, Rule 60(b)(2) does not apply. Defendant has not claimed (or established) fraud, misrepresentation, or Plaintiff's misconduct to justify

reconsideration under Rule 60(b)(3).  Defendant merely points to Plaintiff's concession of a fact that Plaintiff now vigorously (but ineffectively) denies.

The Rule 60(b)(4) and (5) grounds for reconsideration involve correction of judgments; again, no judgment has been entered here for correction.  These provisions are not applicable.

Under Rule 60(b)(6), Defendant has not shown another reason for reconsideration.

In sum, this Court did not err in considering the uncontested fact and in disregarding an argument that was not yet made.  Therefore, this Court declines to reconsider Defendant's Motion to Dismiss or alternatively for Summary Judgment to dismiss the remaining claims; Defendant's present Motion for Reconsideration (Docket No. 18) is denied.

Defendant's Motion for Reconsideration (Docket No. 18) is **denied**.

### 3.  Time to Answer

With the disposition of Defendant's Motion for Reconsideration, Defendant now shall answer or move against the surviving claims in this case within fourteen (14) days from entry of this Decision and Order (see Docket No. 19).

### IV.   Conclusion

Defendant has not established grounds for reconsideration of the Decision and Order of February 16, 2022 (Docket No. 17), Corcoran, supra, 2022 WL 475840, despite Plaintiff not following this Court's Local Civil Rule 56(a)(2) in failing to object to the fact asserted by Defendant.  Defendant never initially argued in its Summary Judgment Motion that Plaintiff failed to establish an adverse employment action to warrant reconsideration. This Court has not ruled on this unargued point.  Absent argument on the point in a Motion

for Partial Summary Judgment, this Court only held that that Plaintiff alleged (for Rule 12 purposes) an adverse employment action for her Title VII and ADA claims, Corcoran, supra, 2022 WL 475840, at *5.  There is no mistake or error warranting reconsideration under Rule 60.  Defendant's Motion for Reconsideration (Docket No. 18) of the partial denial of its converted Motion for Summary Judgment (Docket No. 5) is denied.

Defendant's other Motion (Docket No. 18) pursuant to Rule 6 to extend its time to respond to the remaining claims in the Complaint is granted; Defendant now shall have fourteen (14) days from entry of this Decision and Order to file an Answer (see Docket No. 19).

## V.    Orders

IT HEREBY IS ORDERED, that Defendant's Motion for Reconsideration (Docket No. 18) of the denial of Summary Judgment (Docket No. 5) of remaining claims is DENIED.

FURTHER, Defendant shall answer within fourteen (14) days of entry of this Decision and Order (see Docket No. 19).

SO ORDERED.


Dated:        April 12, 2022
              Buffalo, New York


                                          s/William M. Skretny
                                       WILLIAM M. SKRETNY
                                    United States District Judge